UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALLEN GELWICK, AS TRUSTEE FOR BEVERLY PROSSER GELWICK LIVING TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>SAFECO NATIONAL INSURANCE COMPANY,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  2:25-cv-00126-SDN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

On April 4, 2025, Plaintiff Allen Gelwick, acting as trustee for the Beverly Prosser Gelwick Living Trust, brought suit against Respondent Safeco National Insurance Company. ECF Nos. 1, 5. On April 29, 2025, Magistrate Judge Wolf issued the first scheduling order in this case, ECF No. 8, to which the Parties jointly objected, ECF No. 10. On May 15, 2025, Judge Wolf issued an amended scheduling order, requiring the Plaintiff to submit his expert designations by September 15, 2025. ECF No. 12. To date, Mr. Gelwick has not submitted expert designations to the Court.

On November 5, 2025, Respondent moved to preclude designation of Plaintiff's expert witnesses, arguing Plaintiff violated the scheduling order by failing to designate experts and by failing to file a motion to enlarge the expert deadline. ECF No. 13 at 8. Plaintiff stated in his response brief that investigations and negotiations are ongoing between the Parties, which has created "uncertainty of what damages are in dispute" and thus "what expert testimony will be required." ECF No. 20 at 2. Plaintiff also said his counsel has been consumed by other matters, including *Northeast Emergency*

1

*Apparatus, LLC v. Mine Respirator Company, LLC*, No. 2:25-cv-00556-SDN (D. Me. 2025), which is being litigated before this Court. ECF No. 20 at 2.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Pursuant to the reasons provided in Plaintiff's response brief, *see* ECF No. 20 at 2, the Court finds that good cause exists to amend the scheduling order. As such, Respondent's motion to preclude designation of Plaintiff's expert witnesses is denied without prejudice. Resolution of this case is better served by allowing the Parties time to complete their discovery obligations.[1]

Therefore, the Court **ORDERS** the Parties to meet and confer to propose a joint scheduling order to be submitted to the Court on or before December 16, 2025. Respondent's motion to preclude the Plaintiff's designation of expert witnesses is **DENIED** without prejudice. ECF No. 13.

SO ORDERED.

Dated this 10th day of December, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[1] Per the Court's Order at ECF No. 19, no reply is permitted in this matter. Nonetheless, and without leave to so file, Respondent filed a reply at ECF No. 21. As such, the reply at ECF No. 21 is stricken.